United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30961

_____

In The Matter Of: JAZZ CASINO COMPANY LLC,

                    Debtor.

-------------------------

LOUISIANA DEPARTMENT OF REVENUE,

                    Appellant,

v.

JAZZ CASINO COMPANY LLC; JCC HOLDING COMPANY,

                    Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     The Louisiana Department of Revenue (the "Department")

appeals from the district court's judgment affirming two final

bankruptcy court orders in favor of debtor Jazz Casino Company,

LLC, et al. ("Jazz Casino").  The bankruptcy court orders

disallowed a number of the Department's claims for taxes

_____

     [*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

allegedly owed by Jazz Casino on its purchases and leases of slot machines.

On appeal to this court, the Department argues that the district court erred in affirming the bankruptcy court's orders. Specifically, the Department contends that the district court erred in holding that (1) the bankruptcy court's decision to consider the claims on the briefs rather than by trial did not deny the Department procedural due process; (2) Jazz Casino's purchase of 198 stand-alone slot machines was a nontaxable, one-time occurrence rather than a taxable sale; (3) Jazz Casino's lease agreements for progressive slot machines were not taxable because they involved the performance of a service; (4) the bankruptcy court's decision to allow Jazz Casino's supplemental objections to the Department's claims was not an abuse of discretion; and (5) the issue of the taxability of Jazz Casino's nonprogressive slot machine leases was not reviewable on appeal to the district court.

We review a district court's decision to affirm an order of the bankruptcy court by applying the same standards to the bankruptcy court's findings of fact and conclusions of law that the district court applied. *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005). Consequently, we review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Id*.

2

On September 3, 2004, the district court entered a thorough, well-reasoned order that carefully addressed each of the issues raised by the Department and affirmed the orders of the bankruptcy court.  After reviewing the Department's claims and hearing oral argument, we find no error in the district court's rulings, listed above.  We additionally note that the district court's refusal to consider the taxability of the nonprogressive slot machine leases was proper because the Department failed to list that issue in its "statement of issues" to be presented for review in the district court.  *Zimmerman v. Jenkins (In re GGM, P.C.)*, 165 F.3d 1026, 1031-32 (5th Cir. 1999) (holding that an issue is not preserved for appeal if the appellant fails to include the issue in its statement of issues to the district court, as required under FED. R. BANKR. P. 8006).  Accordingly, we AFFIRM the district court's judgment for essentially the same reasons cited in its September 3, 2004 order.

AFFIRMED.